Dear Mr. Jacobs:
Your request for an Attorney General's opinion on behalf of the Ward II Marshal in Webster parish has been assigned to me for research and reply. Your letter states that Mr. Morris McClary has served in the elected position of Marshal for Ward II in Webster parish since 1991, and you seek a legal opinion on the following:
 Is it ethically and legally permissible for Marshal McClary, currently serving as the duly elected Marshal of Ward II, Webster Parish, Louisiana to also serve simultaneously as a part-time criminal investigator for the Bossier/Webster Parish 26th Judicial District Attorney's office?
District Attorneys are authorized by the constitution and laws of this state to select assistants and other personnel. LSA-Const. Art. V, § 26(1974), R.S. 16:1. Investigators may be appointed as follows:
 A. Each district attorney of this state is hereby authorized to employ one special investigator in addition to any others previously authorized by law, to be known by the title of `District Attorneys' Investigator'.
 B. The special investigator shall receive an annual salary payable by the state, of six thousand dollars. In addition, the governing authorities of the parish or parishes comprising any judicial district may provide and pay an additional compensation to these investigators.
 C. No district attorney shall employ a special investigator as authorized by this section until and unless the funds to pay the state's portion of the salaries of such special investigators are appropriated or otherwise made available therefore.
LSA-R.S. 16:13.
Investigators of the district attorneys' offices are peace officers, as follows:
 The investigators of the district attorneys' offices shall be peace officers with all privileges, immunities, and defenses accorded to peace officers, except that they shall not have the right to make arrests, except as citizens under Louisiana Code of Criminal Procedure Article 214. They shall have the same territorial jurisdiction as the district attorney for whom they work. Notwithstanding any other provisions of law to the contrary, investigators of a district attorney's office shall not receive state supplemental pay.
LSA-R.S. 16:13.1.
Because of LSA-R.S. 16:13, it is our opinion that the position of "District Attorneys' Investigator" is an appointed position, as defined in R.S. 42:62(2):
 (2) `Appointive office' means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof. (Emphasis added).
Mr. McClary is the elected marshal for the City of Springhill, which is a Lawrason Act municipality, wherein the law provides for the election or appointment of a marshal as follows:
 The marshal who is the chief of police in such municipalities shall be elected at large, provided that, notwithstanding any other provisions of law to the contrary, a majority of the qualified electors voting therein may, at a special election called by the board of aldermen for that purpose, authorize the mayor to thereafter appoint a marshal with the approval of the board of aldermen
LSA-R.S. 33:381.1.
Louisiana's dual officeholding and dual employment laws allow a person to hold an elective office in a political subdivision of this state and at the same time to hold a part-time appointive office in the government of a political subdivision, as follows:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office.
 LSA-R.S. 42:63(D). Under the definition of "political subdivision" in R.S. 42:62(9), the district attorneys and all other elected parochial officials are separate political subdivisions for the purposes of Louisiana's dual officeholding and dual employment laws. Furthermore, "part time" is defined as less than seven hours per day of work and less than thirty-five hours per week of work. R.S. 42:62(4) and (5).
In conclusion, it is our opinion that Mr. McClary, as the elected marshal of the City of Springhill, would not be in violation of Louisiana's dual officeholding and dual employment laws if he were appointed to the position of District Attorneys' Investigator and served in that capacity on a part-time basis. Trusting that this opinion addresses all of your concerns, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Date Released: February 28, 2003